**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 14 2014, 9:56 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JAY CARVER**
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MATTER OF THE GUARDIANSHIP AND ESTATE OF JAY CARVER, an adult. | ) ) ) ) |
| Appellant-Respondent, | ) ) |
| vs. | ) No. 84A01-1309-GU-409 ) |
| MARGARET DITTEON, | ) ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Phillip I. Adler, Judge
Cause No. 84D02-1207-GU-6039

**May 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

In 2012, Margaret Ditteon was appointed permanent guardian over the person and estate of Jay Carver due to Carver's incapacity. In 2013, Carver requested the guardianship be terminated or, in the alternative, that a different guardian be appointed. The trial court, relying primarily on expert medical opinion that Carver continues to require a guardian, denied her request. Carver, pro se, now appeals.

Indiana Code section 29-3-5-3 provides:

> (a) . . . if it is alleged and the court finds that:
> (1) the individual for whom the guardian is sought is an incapacitated person . . .; and
> (2) the appointment of a guardian is necessary as a means of providing care and supervision of the physical person or property of the incapacitated person . . .;
> the court shall appoint a guardian under this chapter.

A trial court is vested with discretion in making determinations as to the guardianship of an incapacitated person. Ind. Code § 29-3-2-4(a). We review trial court action for an abuse of that discretion. See In re Guardianship of Atkins, 868 N.E.2d 878, 883 (Ind. Ct. App. 2007), trans. denied. "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances presented." Id.

We have thoroughly reviewed the record, which includes a report from the guardian ad litem prior to the appointment of a permanent guardian, transcripts of the hearing regarding appointment of a permanent guardian and the hearing on Carver's motion to terminate the guardianship, and doctors' opinions from various points in the proceedings regarding Carver's ability to make personal and financial decisions. An incapacitated person is defined by statute as someone who is unable to partly or wholly manage her property,

2

provide self-care, or both because of, among other things, mental illness. Ind. Code § 29-3-1-7.5(2). Carver does not dispute that she has been diagnosed with a mental illness. At the time of the hearing on her motion, one of her physicians provided a letter to the court in which he stated: "It is my opinion that Ms. Carver continues to require a guardian." Appellant's Appendix to the Brief at 3. The trial court noted at the hearing that "I have a doctor's statement saying that she needs supervision. She's delusional. She has illogical thought processes." Transcript of March 19, 2013 Hearing at 8. Her responses to the court at both hearings, as well as her correspondence with the court and her pro se pleadings bear out the court's observations. We cannot say the trial court's decision is against the logic and effect of the facts and circumstances before the court.

Affirmed.

RILEY, J., and BRADFORD, J., concur.